So Ordered.

Dated: March 12, 2021



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

DEAN RICHARD VONGERMETEN,[1]           Case No. 20-25056-gmh

        Debtor.          Chapter 13

DEAN RICHARD VONGERMETEN,

        Plaintiff,          Adv. Proc. No. 20-2137-gmh

v.

Mark Clauss, et al.,

        Defendants.

## DECISION AND ORDER

**(1) DISMISSING CHAPTER 13 CASE PURSUANT TO 11 U.S.C. §§ 305 & 1307(c);**

**(2) DENYING PLAINTIFF'S MOTION TO RECONSIDER THE JANUARY 5, 2021, DECISION AND ORDER IN THE ADVERSARY PROCEEDING; AND**

**(3) ABSTAINING FROM ADJUDICATING THE ADVERSARY PROCEEDING PURSUANT TO 28 U.S.C. §1334(c)(1)**

---

[1] The debtor's address is 1921 Thurston Avenue, Racine, Wisconsin, and the last four digits of his social security number are 5315.

The chapter 13 trustee requests dismissal of this chapter 13 case for cause as authorized by 11 U.S.C. §1307(c). Case No. 20-25056, ECF No. 68. Additionally, on January 5, 2021, the court provided all parties in interest with notice that it was "considering dismissing Bankruptcy Case No. 20-25056 pursuant to 11 U.S.C. §305(a)" and abstaining from adjudicating adversary proceeding no. 20-2137 pursuant to 28 U.S.C. §1334(c)(1). Case No. 20-25056, ECF No. 104, at 4; Adv. Proc. No. 20-2137, ECF No. 27, at 4. Debtor Dean Richard Vongermeten responded by filing an objection, a notice for summary judgment, a motion for summary judgement and settlement in camera, a motion for summary judgment and lien undertaking, and various affidavits.[2] Case No. 20-25056, ECF Nos. 110, 113, 116, 117 & 119; Adv. Proc. No. 20-2137, ECF Nos. 32–34, 39 & 41.

Section 1307(c) of the Bankruptcy Code provides that the court may dismiss a case under chapter 13 "for cause" including, for example, "unreasonable delay by the debtor that is prejudicial to creditors" and "failure to commence making timely payments under section 1326 of this title." 11 U.S.C. §1307(c)(1) & (4). Section 1326

---

[2] The debtor, who is also the plaintiff in the adversary proceeding, has taken issue with how the court has referred to him. He has submitted filings under the "Autograph of: heir, beneficiary, grantee, representative, agent, Private civilian, American national living within a private, occupied estate, outside the United States, Inc. in a non-military jurisdiction, foreign, nonresident. Dean Richard Von Germeten: Office of the Executor DEAN RICHARD VONGERMETEN WHFIT-ESTATE" (Case No. 20-25056, ECF No. 110, at 23) and "Beneficiary, grantee, representative, agent, heir, authorized representative, private civilian, American national living within a private, occupied estate, outside the United States in a non-military jurisdiction. Dean Richard Von Germeten: Office of the Executor DEAN RICHARD VONGERMETEN WHFIT-ESTATE DEAN R. VON GERMETEN TRUST" (Case No. 20-25056, ECF No. 113, at 4). The Bankruptcy Code authorizes only individuals to proceed under chapter 13. See 11 U.S.C. §109(e). If the debtor is not an individual, he does not qualify for relief under chapter 13, and failure to qualify for relief under chapter 13 is cause for dismissal under §1307(c). *Stearns v. Pratola (In re Pratola)*, 589 B.R. 779, 791–93 (N.D. Ill. 2018). The petition, however, identifies the debtor as an individual, stating a full name of "DEAN RICHARD VONGERMETEN" and reports that the debtor has also used the names "DEAN R. VONGERMETEN", "Dean R. vongermeten, an unmarried man", "Dean Richard Von Germeten", and "Dean Richard vonGermeten", as well as business names "DEAN R. VONGERMETEN", "Dean R. vongermeten, an unmarried man", "Dean von Germeten, single". Case No. 20-25056, ECF No. 1, at 1–2. This decision and order refers to the debtor and plaintiff as "debtor" or "Vongermeten."

requires the debtor to "commence making payments not later than 30 days after" filing the case "in the amount" "proposed by the plan to the trustee". 11 U.S.C. §1326(a)(1)(A). See also *In re Lisse*, 921 F.3d 629, 639 (7th Cir. 2019) ("The focus on repayment is highlighted by the requirement that the debtor begin making payments to the trustee within 30 days after proposing a Chapter 13 plan, even before the plan is confirmed.").

Section 305(a)(1) of the Code authorizes the court to dismiss a bankruptcy case that does not afford creditors and the debtor a benefit beyond the relief available under nonbankruptcy law, providing, "[t]he court, after notice and a hearing, may dismiss a case under this title [11] . . . at any time if–(1) the interests of creditors and the debtor would be better served by such dismissal". "Whether to dismiss a case or abstain pursuant to section 305 is committed to the discretion of the bankruptcy court, and is determined based upon the totality of the circumstances[.]" *In re Northshore Mainland Services, Inc.*, 537 B.R. 192, 203 (Bankr. D. Del. 2015) (quoting *In re Mylotte, David & Fitzpatrick*, No. 07–14109bf, 2007 WL 3027352, *5 (Bankr. E.D. Pa. Oct. 11, 2007)). Whether circumstances warrant abstention depends largely on whether the debtor's bankruptcy case holds a reasonable potential for relief authorized by the Bankruptcy Code that may be achieved in a manner that is consistent with the Code's policies of debt adjustment and payment. In deciding whether to abstain, courts have emphasized factors such as

> (1) whether the case is a two-party dispute, (2) the economy and efficiency of administration; (3) the availability of another case or forum to protect the interests of the parties; (4) alternative means of achieving equitable distribution of assets, and (5) the purpose for which bankruptcy jurisdiction has been sought.

*Pennino v. Evergreen Presbyterian Ministries (In re Pennino)*, 299 B.R. 536, 539 (B.A.P. 8th Cir. 2003).

Applying these principles to the circumstances of this case the court determines after a thorough review of the debtor's many filings that there is cause to dismiss the

case under §1307(c) and, alternatively, this is an extraordinary case in which the interests of creditors and the debtor would be better served by dismissal of this chapter 13 case pursuant to §305(a). Additionally, the interests of justice and comity warrant abstaining from adjudicating the related adversary proceeding under 28 U.S.C. §1334(c)(1).

I

The center point of the debtor's chapter 13 case and his related adversary proceeding is his dispute with Planet Home Lending, LLC, which obtained a state-court foreclosure judgment to enforce its rights in a note secured by a mortgage on the debtor's Racine, Wisconsin, residence. *Planet Home Lending, LLC v. Von Germeten*, No. 2019CV001616 (Racine Cty. Cir. Ct. Feb. 14, 2020); Adv. Proc. No. 20-2137-gmh, ECF No. 16, at 22–25.[3] The debtor appealed the judgment to the Wisconsin Court of Appeals, *Planet Home Lending, LLC v. Von Germeten*, Appeal No. 2020AP000566, but he reports that he has since dismissed that appeal.[4]

As this court's January 5, 2021 notice explains, this case and its related adversary proceeding are unconventional. The debtor's bankruptcy schedules list only two claims—the secured claim of Planet Home Lending, which the debtor lists as "disputed", and a priority claim that appears to arise from real estate taxes on the residence that secures Planet Home Lending's claim. Case No. 20-25056, ECF No. 1, at 23 & 26. Planet Home Lending filed a secured claim for about $61 thousand. The IRS

---

[3] The debtor also sued Planet Home Lending in the United States District Court for the Eastern District of Wisconsin. *Von Germeten v. Planet Home Lending LLC*, No. 17-cv-00167-PP (E.D. Wis.). The district court dismissed the case; the United States Court of Appeals for the Seventh Circuit affirmed. *Id.*, ECF Nos. 121 & 139.

[4] On January 28, 2021, the debtor filed a copy of an Affidavit and Notice of Voluntary Dismissal that he appears to have sent to the Wisconsin Court of Appeals on January 26, 2021, to dismiss Appeal No. 2020AP000566. Case No. 20-25056, ECF No. 112. The debtor's February 9, 2021 filing in this court states, "proceedings in WI state court 20-AP-0566 to which the administrator referred my case, which I have dismissed in the state venue and remand back to this court in exclusive Equity jurisdiction." Case No. 20-25056, ECF No. 113, at 1.

filed a claim for unpaid income taxes, but it subsequently amended the claim to show that the debtor has paid it in full. No one else filed a claim. The deadline for doing so has passed.

The debtor has proposed an atypical plan. It neither requires him to make any payments to the trustee in U.S. currency nor provides for the payment of any allowed claim. Case No. 20-25056, ECF Nos. 75 & 100, at 2–3. The plan instead states, in nonstandard text the debtor added to section 3.4, "Judicial lien in favor of Planet Home Lending LLC is DISPUTED[.] Any future lien filed by or in [*sic*] behalf of HUD will be paid by Bill-of-Exchange payable to US Treasury. Likewise all trustee and other fees[.]" Case No. 20-25056, ECF No. 75, at 4. In plan section 7.1, which addresses the vesting of estate property, the debtor added more nonstandard text: "The assets listed in this plan belong to agent, not the debtor. Paid from financial securities of the estate, index fund, bill-of-exchange, gsa bonds, promissory note or set-off. None of agent's personal property will be committed to this plan." *Id.* at 7.

The October 21, 2020 plan amendment states the following additional nonstandard "payment" and claim-treatment provisions in section 8.1 and "invite[s]" the trustee and court to select among them:

> 1) Bill-of-Exchange/Money order tendered to trustee (full amount) for settlement & closure of mortgage debt. A separate Bill-of-Exchange may be issued for HUD debt, trustee fees.
>
> 2) Set-off against liability side credits or lien against Mark Clauss & Michael Dubeck[.]
>
> 3) Payment against index funds (cashed) credit against the Birth Certificate[.]
>
> 4) Discharge per 50 USC § 430Sb2, 31 USC §3113 a1b, HJR-192/PL 73-10[.]

> 5) Cancellation of Mortgage/note per adverse claims or settlement in Court of Equity[.]
>
> 6) Issue GSA bonds for full settlement & closure, BOE or promissory note[.]
>
> The trustee and Judge are invited to determine which of the above are acceptable. All payments are conditional and subject to proof-of-claim[.]

*Id.* On December 21, 2020, the debtor filed another last page of the plan that adds two more provisions to section 8.1:

> 7) Subrogation of court bond[.]
>
> 8) PJP bonds for settlement as 3rd party intervenor/ subrogee[.]

Case No. 20-25056, ECF No. 100, at 2. In plan section 9.1, which is intended to contain only the debtor's signature, the debtor interjects more nonstandard text regarding his acceptance of certain oaths of office and his request that the spelling of his name be corrected on "court papers". *Id*. at 3.

As mentioned above, the debtor has also commenced an adversary proceeding against Planet Home Lending and others who were either involved in the state-court foreclosure action or are (or were) affiliated with Planet Home Lending. On January 5, 2021, the court dismissed the adversary proceeding for lack of jurisdiction as to all defendants except Planet Home Lending. Adv. Proc. No. 20-2137, ECF No. 26. Planet Home Lending's request to dismiss the adversary proceeding on preclusion and other grounds remains pending.

## II

### A

#### 1

Despite repeated chances the debtor has not filed a plan of the type contemplated by chapter 13, that is, one that submits his future income to the trustee to pay debts over a three- to five-year period in the manner afforded by §§1322 and 1325 of the Bankruptcy Code. He has not commenced or proposed making any payments to the trustee in a manner defined as legal tender by 31 U.S.C. §5103.

The debtor disputes that his plan does not provide for payment of claims. He argues that he has provided the trustee with multiple options that are listed in Section 8.1 of his plan. He explains as follows:

> Petitioner [Vongermeten] has already given this court Exclusive Equity jurisdiction. America operates on a system of debits and credits with many forms of "money," with dollars defined by state and federal authorities as a "unit of account." The US Trustee merely needs to follow the Petitioner's instructions to credit any such tender toward a bonafide claim, as is within his powers and custodial duties. Furthermore there is no agreement by Petitioner with claimant to pay in any particular coin or currency that would allow claimant or trustee to reject such a lawful tender of payment. . . . Petitioner does not understand the trustee's helplessness and requires the court instruct him how to make his alternative plan adaptively meet the trustee's disability to use those resources . . .

Case No. 20-25056 ECF No. 110, at 6–7.

None of the debtor's funding options, however, constitutes *payments* of the type required by chapter 13. The plan and the documents that the debtor has filed in support of his plan posit the existence of instruments that he contends have value, though the nature of these instruments is opaque. For example, the debtor contends that he can set off the judgment owed to Planet Home Lending based on liens he believes he has against Mark Clauss (an attorney for Planet Home Lending) and Michael Dubeck (an

employee of Planet Home Lending) "per private agreement, for refusing tenders and using Petitioner's NAME unlawfully and without written permission." Case No. 20-25056, ECF No. 110, at 8. He also reports that he recently "sent a payment instrument with medallion stamp to the claimant [presumably Planet Home Lending] they received but did not dishonor", and he asserts that the "court needs to recognize and credit these tenders as satisfying the alleged obligation . . . ." *Id.* at 9. He argues that he holds "rights as a private citizen as beneficiary, authorized representative and agent to [his] estate whfit (DEBTOR)" and that those rights allow him to "issue bills-of-exchange/government obligations payable to us treasury to settle all debts with all creditors". Case No. 20-25056, ECF No. 73, at 1. He explains that he "create[s] government obligations with [his] payment instruments" and "any/all fees and charges as part of the plan can be settled this way." *Id.* He claims that his "whfit is funded by government issued zero coupon bonds", that he has "534 bonds under both [his] birth certificate and social security number" and that "the first three bonds were valued over $70 billion." *Id.* at 2. But he says those funds are not yet available for his use because first he "require[s] a special hearing in chambers in exclusive equity jurisdiction to claim those assets as beneficiary to the estate." *Id.* The debtor further states, however, that the chapter 13 trustee "was apprised the cusip number for an index fund where [the debtor's] birth certificate is being traded" and the chapter 13 trustee "was/is given authority to liquidate and use said value to settle all outstanding credit charges due and payable and wire the balance to" the debtor. *Id.*

The debtor adds that he can use "GSA bonds" and "PJP bonds" to satisfy his payment obligations. Case No. 25056, ECF Nos. 75, at 7 & 100, at 2. He says that he and "Investor and special Intervener" Peter Joseph Polinski (the purported maker of the "PJP bonds") "made Special Deposits of GSA Bonds into this Federal Bankruptcy Court of Wisconsin with the court clerk: Janet L. Medlock, which are proven to be deposited

and lodged through certified copy of deposit and receipt of deposit". Adv. Proc. No. 20-2137, ECF No. 33 at 1–2. He further contends that his "third party intervenor [Polinski] has submitted like negotiable government bonds [in the bankruptcy case] which the clerk has received and accepted, to settle any bonafide claim, per state and federal bankruptcy law, any overage to be returned to Peter Joseph Polinski." Case No. 20-25056, ECF No. 113, at 3; see also Adv. Proc. No. 20-2137, ECF No. 33, at 2 ("Peter Joseph Polinski has gifted the said court Private equity securities and Government bonds to said clerk on November 13th, 2020 allowing 60 days of a non-rebuttal, Bonafide equitable claim in said case number . . . 20-25056-gmh and Adversary Case No. 20-2137-gmh.").

There is more. The debtor proposes that he can pay any debts he has under "50 USC §430Sb2, 31 USC §3113 a1b, [and] HJR-192/PL 73-10", and that he can defeat the mortgage and satisfy the note "per adverse claims or settlement in Court of Equity." Case No. 20-25056, ECF No. 75, at 7. He lists "subrogation of court bond" as an additional way in which he may make chapter 13 plan payments. Case No. 20-25056, ECF No. 100, at 2.

None of the instruments or means the debtor proposes as payment are legal tender or even typical financial instruments. The trustee in his objection rejects the debtor's proposed means of payment stating that none of them "are valid methods of payment under the bankruptcy code." Case No. 20-25056, ECF No. 86, at 2. Even if these atypical payment devices held value—something that the debtor's many filings do not establish—nothing requires the trustee or a creditor to accept them as payment. Chapter 13 provides a means of paying debts over a period of 36–60 months; it does not afford a means of forcing nonstandard payment methods on creditors.[5] See *Pfeiffer v. Skelton (In*

---

[5] The debtor contends that he "[d]ischarge[d]" or paid his debt to Planet Home Lending by conducting a "reverse bank wire" in the amount of $65,000. Case No. 20-25056, ECF No. 116, at 2, see also *id.* at 6 & 8.

*re Pfeiffer)*, BAP No. SC-15-1228-FJuKi, 2016 WL 1179337, at *3 (B.A.P. 9th Cir. Mar. 25, 2016) (affirming dismissal of chapter 13 case where debtor proposed payments by unilaterally created promissory notes or draws on the United States Treasury).

What is more, chapter 13's debt-adjustment provisions do not authorize a plan that forces the chapter 13 trustee to liquidate assets to generate income to fund the chapter 13 plan. Section 1303 prohibits the chapter 13 trustee from exercising the power to use, sell or lease non-business estate property, and confers that power exclusively on the chapter 13 debtor. Section 1322(a)(1) requires the debtor's plan to "provide for the submission of" his "future earnings or . . . income . . . to the supervision and control of the trustee as is necessary for the execution of the plan". Section 1326(a), as observed above, requires the debtor to "commence making payments not later than 30 days after the date of the filing of the plan . . . in the amount . . . proposed by the plan to the trustee"; the chapter 13 trustee retains those payments until the plan is confirmed, at which point the trustee is required to "distribute any such payment in accordance with the plan as soon as is practicable." §1326(a)(1)(A) & (2). Together these provisions of the Code entail that the trustee does not have the power to make transactions for the benefit of the estate other than to receive plan payments from the debtor and disburse those funds to creditors.

Because the debtor's plan's only source of funding requires the trustee to liquidate assets, the plan does not comply with the provisions of title 11, as required for confirmation by 11 U.S.C. §1325(a)(1). And, despite being given numerous chances to amend his plan to pay the trustee legal tender under 31 U.S.C. §5103, the debtor has not

---

The validity of this claimed payment makes no difference to whether the debtor has met the requirements of chapter 13, since the debtor alleges he made this payment to the creditor, not to the trustee as required by 11 U.S.C. §1326(a). The debtor's purported direct payment to Planet Home Lending—the sole participating creditor that holds an unsatisfied claim—further supports the conclusion that this chapter 13 case serves no bankruptcy purpose.

done so. Nor has he proposed a plan that submits any of his future earnings or income to the trustee as required by §1322(a)(1). He has instead made clear that he does *not* intend to propose a plan that contributes future income to the trustee because he does not expect to have future income to contribute. See Case No. 20-25056, ECF No. 73, at 2 ("my income is negative with respect to any monthly payment plan, that's why i've [*sic*] opted for an alternative payment plan, where my monthly income and monthly payments are not a factor."); see also Case No. 22-25056, ECF No. 75, at 7 ("None of agent's personal property will be committed to this plan.").

This case has been pending for over seven months, and the debtor has not made a single plan payment to the trustee. The debtor has not proposed a plan that complies with the requirements of chapter 13, and this case is devoid of a reorganization purpose. Each of these determinations affords sufficient cause to dismiss the case under §1307(c). Under the circumstances, the interests of creditors and the estate are best served by dismissal.

2

Because this case reflects only the debtor's pertinacious continuation of his litigation against Planet Home Lending, it is also not one filed or pursued in good faith. "[G]ood faith under Chapter 13 depends on the 'totality of the circumstances,' . . . of which the most fundamental and encompassing is whether the debtor has dealt fairly with his creditors." *In re Schaitz*, 913 F.2d 452, 453 (7th Cir. 1990) (quoting *In re Smith*, 848 F.2d 813, 817 (7th Cir. 1988); *In re Rimgale*, 669 F.2d 426, 432–33 (7th Cir. 1982)). The Seventh Circuit has identified factors indicating whether a reorganization plan or petition are in good faith. See, e.g., *In re Sidebottom*, 430 F.3d 893, 899 (7th Cir. 2005); *In re Love*, 957 F.2d 1350, 1354–57 (7th Cir. 1992); *In re Smith*, 848 F.2d 813, 817–21 (7th Cir. 1988). "[T]he focus of the good faith inquiry under both Section 1307 [as cause for dismissal] and Section 1325 [as grounds to deny plan confirmation] is often whether the

filing is fundamentally fair to creditors and, more generally, is the filing fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions." *Love*, 957 F.2d at 1357.

The debtor's bankruptcy filings lack these hallmarks. As explained above, the debtor has not filed a chapter 13 plan that shows any intent of pursuing the debt-adjustment ends that chapter 13 contemplates. His entire chapter 13 case—including his plan and his adversary proceeding objecting to Planet Home Lending's claim against him—constitutes an effort to continue his dispute over the enforceability of Planet Home Lending's secured claim.[6] The debtor has eschewed proposing a plan that uses the statutorily available means of addressing the mortgage debt: curing the prepetition arrearage through the plan by proposing sufficient plan payments (of legal tender) to the trustee to pay the arrearage claim while maintaining regular mortgage payments during the plan's commitment period. See 11 U.S.C. §1322(b)(5).

The Bankruptcy Code's reorganization chapters, including chapter 13, do not afford debtors a means simply to delay resolution of two-party disputes over individual debts. See, e.g., *Stevenson v. TND Homes I, LP (In re Stevenson)*, 583 B.R. 573, 581–82 (B.A.P. 1st Cir. 2018) (affirming dismissal where debtor filed six chapter 13 plans and could not confirm any of them and the "record suggest[ed] that [the] chapter 13 filing was motivated by or targeted at a single creditor—TND—and that [debtor's] filing was part of a pattern of conduct aimed at thwarting TND's eviction efforts."); *Zareas v. Bared Espinosa (In re Bared Espinosa)*, Bankruptcy No. 04-09172(ESL), Adversary No. 04-0298, 2006 WL 3898379, at *3–4 (Bankr. D. P.R. Jan. 27, 2006) (dismissing chapter 11 case for unreasonable delay that was prejudicial to creditors where the case had been pending

---

[6] Although the debtor sued numerous individuals in addition to Planet Home Lending, all of the claims stem from the debtor's challenge to the validity or enforceability of the note held by Planet Home Lending, the mortgage that secures it, or the state-court foreclosure action that enforced Planet Home Lending's rights under the note and mortgage.

for almost 17 months, the debtor had not proposed a chapter 11 plan, had no income, and the filing was tantamount to a two-party dispute). One district court aptly described a case like the one at issue here as an "abuse" of the Bankruptcy Code:

> When a "bankruptcy case is essentially a two-party civil lawsuit involving state law that was brought before a federal Bankruptcy Court, under the guise of being a reorganization," it is an abuse of the Bankruptcy Code. *In re Van Owen Car Wash. Inc.*, 82 B.R. 671, 673 (Bankr. C[.]D. Cal. 1988). Indeed, even if a bankruptcy court could somehow hear such a case, "[t]here is little reason to expect [a controversy between two individuals involving state law] to be better litigated in Federal Bankruptcy Court." *In re Harvey Probber, Inc.*, 44 B.R. 647, 650 (Bankr. D. Mass. 1984). Moreover, "[i]f these sorts of suits are deemed proper subjects for bankruptcy, then those courts (to their own dismay) would be well on their way to becoming courts of general jurisdiction." *In re Premier Auto. Servs., Inc.*, 492 F.3d 274, 285 (4th Cir. 2007).

*Freidzon v. Gorman*, 1:16-CV-627(LMB/JFA), 2016 WL 9211754, at *3 (E.D. Va. July 29, 2016), *aff'd sub nom. Freidzon v. Gorman (In re Freidzon)*, 687 Fed. Appx. 242 (4th Cir. 2017) (unpublished).

Again, the debtor's plan does not require him to pay any money to the trustee for disbursement to creditors. The totality of the circumstances makes clear that the debtor is not attempting to "deal[ ] fairly with his creditors." *In re Schaitz*, 913 F.2d at 453. The debtor has not shown good faith either in filing or prosecuting this case. This too is sufficient cause to dismiss the case under §1307(c). See *In re Lisse*, 921 F.3d at 639 ("A bankruptcy court may dismiss a Chapter 13 petition for cause if it finds the petition was filed in bad faith.").

B

Section 305(a) of the Bankruptcy Code provides that the court "may dismiss a case under this title [11] . . . , at any time if—(1) the interests of creditors and the debtor would be better served by such dismissal". 11 U.S.C. §305(a). See also *In re CF Beef & Grain, LLC*, 590 B.R. 849, 860 (Bankr. E.D. Wis. 2018). Section 305(c) makes the court's

decision to dismiss a case under §305(a) unreviewable. 11 U.S.C. §305(c) ("An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of title 28 or by the Supreme Court of the United States under section 1254 of title 28.").

The interests of the creditors and the debtor would be better served by dismissal of this case under §305(a). As explained above, the debtor has repeatedly and consistently used this chapter 13 case and the related adversary proceeding as a means of continuing his efforts to prevent Planet Home Lending from foreclosing on his residence, even though Planet Home Lending prevailed in a state-court foreclosure action. And the debtor does not propose or have the financial ability to confirm a chapter 13 plan that would pay Planet Home Lending's claim in a permitted manner. Under these circumstances and considering the factors emphasized in cases such as *Pennino v. Evergreen Presbyterian Ministries (In re Pennino)*, 299 B.R. 536, 539 (B.A.P. 8th Cir. 2003), dismissal of this case is also warranted under 11 U.S.C. §305(a).

III

As mentioned above, on January 5, 2021, the court dismissed all defendants from adversary proceeding no. 20-2137 except Planet Home Lending. Although the court ruled that it has jurisdiction to adjudicate the debtor's objections to Planet Home Lending's bankruptcy claim, which he asserts in the adversary proceeding and in his main bankruptcy case, the court notified all parties in interest that it was considering abstaining from adjudicating the adversary proceeding pursuant to 28 U.S.C. §1334(c)(1). Case No. 20-25056, ECF No. 104, at 4; Adv. Proc. No. 20-2137, ECF No. 27, at 4. The debtor responded by filing (1) an Objection to the Judge's Order and Decision, Notice of Possible Dismissal of Petitioner's Ch 13 Case, Adversary Claim and to Defendants' Alleged Proof of Claim and Lift of Stay, With Notice of Intent to Appeal

and Motion for Summary Judgment and (2) a notice for summary judgment. Case No. 20-25056, ECF No. 110; Adv. Proc. No. 20-2137, ECF Nos. 32 & 33. He subsequently filed, among other documents, a Motion for Summary Judgment & Settlement in Camera, an affidavit, a reply to Planet Home Lending's answer and affirmative defenses, another notice of motion and motion for summary judgment, and an affidavit in response to defendant's opposition to plaintiff's motion for summary judgment.[7] Adv. Proc. No. 20-2137, ECF Nos. 34, 37, 39 & 41; Case No. 20-25056, ECF Nos. 113, 116, 117, & 119.

---

[7] In the affidavit the debtor states, "No judge can tell a suitor who he may have a claim against or name in a lawsuit under natural law. Furthermore the judge works with said lawyers on almost daily basis who bring this court regular business and Plaintiff vociferously objects to their name removal from this lawsuit. The judge may be exhibiting partiality, favoritism and conflict of interest in his rulings; he may need to recuse himself for same given the attorneys have not proven to represent any so-called creditor, making them personally liable in their individual capacity, in Equity, for fraud on this court, usufruct, violation of trust, etc." Adv. Proc. No. 20-2137, ECF No. 41, at 2; see also Case No. 20-25056, ECF No. 119, at 2. The debtor's statement in an "affidavit" that the judge "may need to recuse himself" is not a well-made request for disqualification. See Fed. R. Bankr. P. 9013 ("A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought."); see also *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim."). The statement also fails to meet the requirements for disqualification under either 28 U.S.C. §§144 or 455. A request for recusal under 28 U.S.C. §144 must be supported by the filing of an affidavit containing "'sufficiently definite and particular'" facts that are "legally sufficient and demonstrate the judge's personal bias or prejudice against a party." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) (quoting *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993)). The debtor's affidavit contains no such definite and particular facts. And disqualification under 28 U.S.C. §455 requires, insofar as even possibly relevant here, evidence that the judge's "impartiality might reasonably be questioned" or that the judge "has a personal bias or prejudice concerning a party". 28 U.S.C. §455(a) & (b)(1); see also *Liteky v. United States*, 510 U.S. 540 (1994). Alleged partiality derived from judicial proceedings "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." 510 U.S. at 555. The debtor's affidavit, even read broadly, states no more than he disagrees with the court's rulings, and those rulings suggest to him that the court is biased because they favor his adversary, whose lawyers routinely "bring this court regular business". Adv. Proc. No. 20-2137, ECF No. 41, at 2; see also Case No. 20-25056, ECF No. 119, at 2. Nothing in the affidavit or the debtor's other filings suggest a basis from which "[a] reasonable observer [ ] well informed about 'all the surrounding facts and circumstances'" could find a basis for disqualification. See *In re City of Milwaukee*, 788 F.3d 717, 721 (7th Cir. 2015) (quoting *In re Sherwin-Williams Co.*, 607 F.3d 474, 477 (7th Cir. 2010) (per curiam)). Any disqualification claim the debtor may be asserting is denied for these reasons.

A

Generously construed the debtor's recent filings appear to be, in part, a request to reconsider the court's January 5, 2021 decision and order dismissing all adversary proceeding defendants except Planet Home Lending. The January 5, 2021 decision and order is an interlocutory order; thus, the debtor's request to reconsider is governed by Federal Rule of Civil Procedure 54(b), made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7054. A court may revisit interlocutory orders at any time before entering judgment, but the law-of-the-case doctrine limits subsequent course changes to those instances in which there is a "compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006); see also *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) ("Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment" and is within the judge's discretion.).

The debtor has not shown a compelling reason for revisiting the January 5 order. His objection reiterates arguments that he either made or could have made before the court's decision and order was entered. He does not propose new or unconsidered facts. Nor does he show a basis for concluding that the order misapplied the governing legal principles. The debtor's request for reconsideration is therefore denied.[8]

---

[8] If the January 5 order were a final order, the debtor's request would be governed by Federal Rule of Civil Procedure 59(e) (incorporated into the adversary proceeding by Federal Rule of Bankruptcy Procedure 9023), but the result would be the same. "'Rule 59(e) allows the movant to bring to the [ ] court's attention a manifest error of law or fact, or newly discovered evidence.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (internal citation and quotation marks omitted)). "[T]he function of a motion pursuant to Rule 59(e) is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 977 (Bankr. N.D. Ill. 1990). The debtor's restatements of his earlier arguments also do not satisfy Rule 59's requirements for granting reconsideration.

B

Section 1334(c)(1) of title 28 provides that the court may "in the interest of justice, or in the interest of comity with State courts or respect for State law, [ ] abstain[ ] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." The debtor's objections to Planet Home Lending's bankruptcy claim—the sole remaining demand for relief in the adversary proceeding (see Fed. R. Bankr. P. 3007(b))—presents state-law issues that are related to the debtor's bankruptcy case. Because, for the reasons explained above, it is in the best interests of the creditors and the debtor to dismiss the bankruptcy case, adjudicating the debtor's objection to Planet Home Lending's claim serves no bankruptcy purpose. What is more, the debtor litigated against Planet Home Lending in state court. He has not shown how affording him a federal forum to continue that dispute serves the interest of justice.

As Planet Home Lending has contended, the state-court judgment in its favor is likely entitled to full faith and credit. The debtor has not shown otherwise. And, if the debtor can show a basis to avoid the claim-preclusive effect of that judgment, he can pursue that relief in state court. After the dismissal of the bankruptcy case, there is no reason to devote this court's resources to the debtor's perpetual efforts to continue litigating claims that he lost in the state circuit court and in the federal district court.

The debtor argues that this court may (and should) exercise "exclusive equity jurisdiction" over the adversary proceeding. But, as the January 5 order explains, this court has only the jurisdiction bestowed by title 28 of the United States Code. Section 1334(c)(1) of that title authorizes the court to decline jurisdiction over adversary proceedings when the interest of justice so requires. See *Bush v. United States*, 939 F.3d 839, 846 (7th Cir. 2019) ("Congress has authorized district courts to relinquish jurisdiction of bankruptcy disputes 'in the interest of justice', 28 U.S.C. § 1334(c)(1)").

Because the adversary proceeding serves no bankruptcy purpose and seeks to have this court adjudicate a state-law dispute that the parties previously litigated in state court, the court concludes that the interest of justice favors abstaining from adjudicating the adversary proceeding under 28 U.S.C. §1334(c)(1).

IV

For the reasons stated above, the court hereby ORDERS as follows:

1. This bankruptcy case is dismissed pursuant to 11 U.S.C. §1307(c) and 11 U.S.C. §305(a)(1).
2. The debtor's motion to reconsider the court's January 5, 2021 decision and order is denied.
3. Adversary proceeding no. 20-2137 is dismissed pursuant to 28 U.S.C. §1334(c)(1).

# # # # #